October 23rd, 1911.

————o————

5377.

(Court of Appeal, Parish of Orleans.)

## RECEIVERS OF C. DOYLE & COMPANY, LIMITED, vs. JOHN KLEINKEMPER.

Questions of fact only are involved.

Appeal from the Civil District Court, Division "C."

J. J. McLoughlin, for plaintiff.

W. J. & P. F. Hennessey, for defendant.

B. R. Forman and A. J. Rossi, for appellant.

GODCHAUX, J.—This suit is for the recovery of an

— 31 —

alleged unpaid balance of $250.00 on a subscription to twenty-five shares of the par value of $25.00 each of the capital stock of C. Doyle Co. Ltd. The suit was filed by the receivers of that corporation, but is presently prosecuted by the purchaser at judicial sale of this and other claims belonging to the company, said purchaser having caused himself to be judicially subrogated to the rights of the receivers herein.

The answer admits that defendant subscribed for twenty-five shares but avers that subsequently his subscription was cancelled to the extent of ten shares, thereby reducing his subscription to fifteen shares, which he has received and paid for.

The plaintiff offered no evidence whatever. The only proof in the case is the testimony of defendant who, while admitting his original subscription to twenty-five shares, testifies that he subsequently requested the vice-president of the corporation, who had solicited his subscription, to have same cancelled to the extent of ten shares; that such cancellation was made and that he was so informed by the vice-president; that he paid for fifteen shares which were issued to him over the signature of the president and of the secretary of the corporation, and that he was never notified of any further liability nor called upon to pay for the additional ten shares until after the corporation became insolvent and passed into the hands of the receivers. He does not recite, nor in cross examination was he requested to state, nor does the record otherwise disclose what formalities were pursued in effecting the cancellation, but the Court is of the opinion that upon the facts related he has made out a **prima facie** case of cancellation, for his uncontradicted statement that a cancellation was in fact effected carries with it, in the absence of any proof to the contrary, and of any evidence that the corporation was then insolvent,

the presumption that it was made in the same manner and form contemplated by the charter and prescribed by law.

The Court below properly rejected plaintiff's demand, and its judgment is accordingly affirmed.

Affirmed.

October 23rd, 1911.

Rehearing refused, November 20th, 1911.

January 3rd, 1912, decree Supreme Court, writ denied.